UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM HORVATH, | ) | CASE NO. 5:22-cv-1387 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| CITY OF BARBERTON BUILDING DEPARTMENT, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is currently before the Court on the question, raised *sua sponte*, as to whether abstention should apply in view of a pending action brought by William Horvath ("plaintiff" or "Horvath") in the Summit County Court of Common Pleas. *See Horvath v. Barberton Bd. of Bldg. & Zoning Appeals*, No. CV-2020-09-2481 (Ohio Com. Pl., filed Sept. 8, 2020) ("the state court action"). At this Court's request (*see* Doc. No. 26 (Order)), each side timely filed a brief after having been granted a short extension of time to do so. (*See* Doc. No. 29 (Plaintiff's Brief); Doc. No. 28 (Defendants' Brief).) The matter is now ripe for determination.

For the reasons and in the manner set forth herein, the Court will abstain pursuant to *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). *See also Tenet v. Doe*, 544 U.S. 1, 6 n.4, 125 S. Ct. 1230, 161 L. Ed. 2d 82 (2005) (noting that *Younger* abstention is among the threshold issues that must be decided before turning to the merits of an action).

**I.      Background**

On August 5, 2022, Horvath filed this single-count complaint under 42 U.S.C. § 1983 against the City of Barberton Building Department, Barberton Law Director Lisa O. Miller,

Barberton Property Maintenance Inspector David Sykes ("Sykes"), and three John Does (who have never been identified or served).[1] On February 15, 2023, with leave and in response to the defendants' original motion for judgment on the pleadings, Horvath filed an amended complaint, which is now the operative complaint; it substituted defendant City of Barberton ("the City") for defendant City of Barberton Building Department. (Doc. No. 19.) Defendants filed their answer and counterclaim on February 15, 2023 (Doc. No. 20), along with a motion for judgment on the pleadings (Doc. No. 21), which has been denied without prejudice to renewal should that become appropriate (*see* Doc. No. 30 (Order)).

The case arises out of facts relating to an April 2020, tornado that damaged Horvath's residence in Barberton, Ohio ("the Subject Premises"). Plaintiff alleges[2] that, shortly after the tornado occurred, he "began working with his property insurer to make various claims for damages[.]" (Doc. No. 19 ¶ 10.) By August 7, 2020, Horvath had allegedly (1) begun the process of removing "rubbish and garbage" from the Subject Premises in response to a letter from the City; (2) received a June 18, 2020, report from the EES Group, a structural engineer, "indicating that the Subject Premises could be repaired[;]"[3] (3) contacted Sykes in July 2020, along with Dean

---

[1] The Civil Cover Sheet accompanying Horvath's complaint indicates that this case is related to the state court action. (*See* Doc. No. 1-1 § VIII.)

[2] For purposes of this discussion, the allegations in Horvath's complaint will be taken as true, even though defendants' answer denies some of the allegations or would characterize some of the facts differently.

[3] Defendants' answer to this allegation asserts that the engineer's report, which "speaks for itself[,] . . . concluded, in part: 'Based on the extent of damages to the main level, attic spaces, and brick masonry veneer as well as the likely damages to the mechanical/electrical systems, it may be more economical to deem the house a total loss rather than repair/restore the home to its preloss condition.'" (Doc. No. 20 ¶ 12.) The Court has examined the record in this case and finds no copy of such report, although it is mentioned in the amended complaint (*see* Doc. No. 19 ¶ 12) and relied upon therein. Notably, Horvath has not denied that the engineer's report contained this language. Further, there is a copy of the report in the online record of the state court action, filed as Exhibit F to the City's opposition to Horvath's motion for preliminary injunction (dated Sept. 28, 2020). This Court may "'take judicial notice of proceedings in other courts of record[.]'" *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 n.5 (6th Cir. 2005) (quoting *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980); Fed. R. Evid. 201(d)). The Court has confirmed

Acklin ("Acklin"), an insurance adjuster, to review plaintiff's "plans to repair and refurbish the Subject Premises[;]" (4) received a July 14, 2020, insurance estimate from Acklin; and (5) received an August 7, 2020, delivery of "dumpsters . . . to the Subject Premises for the purpose of beginning work to repair and restore the premises." (*Id.* ¶¶ 11–15.)

On August 7, 2020, the same date the dumpsters were allegedly delivered, Horvath received a Violation Notice, signed by Sykes, from the City of Barberton Building Department. It "alleg[ed] a plethora of unspecified code violations and demand[ed] that such be cured within 30 days or the Subject Premises would be demolished." (*Id.* ¶ 16.)[4] Horvath alleges he had a conversation with Sykes "in an attempt to get a building permit" but Sykes "indicated that a building permit would not be issued and the Subject Premises would be demolished in 30 days." (*Id.* ¶ 17.)

On August 14, 2020, Horvath allegedly "received a check from his insurer for the purpose of repairing and restoring the Subject Premises." (*Id.* ¶ 18.) Plaintiff immediately contacted Acklin regarding the Violation Notice; Acklin reached out to Sykes for clarification, but Sykes allegedly "simply sent Mr. Acklin a copy of the violation notice[.]" (*Id.* ¶¶ 19–20.) Acklin "informed all concerned that it would take somewhere between 10 and 14 months to make the necessary repairs." (*Id.* ¶ 20.)

---

that defendants here have accurately quoted from the engineer's report in the record of the state court action. That said, the content of the report is not material to a determination regarding abstention.

[4] A copy of the Violation Notice is attached as Exhibit A to defendants' answer to the amended complaint. (*See* Doc. No. 20-1.) It states that there are "violations of the Barberton Development Code (BDC), Barberton Codified Ordinances (BCO), and/or The City of Barberton Property Maintenance Code (BPMC)[.]" (*Id.* at 1.) A "Violation List" attached to the notice indicates that all violations (specifically identified by number) are found in the BPMC. (*Id.* at 3–4.)

Horvath alleges that, on an unspecified date, "[h]aving been unable to obtain a proper permit or permits to make the necessary repairs to the Subject Premises himself, [he] retained the services of Attorney Robert McNamara ['McNamara'] and Serian Builders and Designers, Inc. ['Serian'] for the purpose of obtaining the proper permits." (*Id.* ¶ 21.) On December 1, 2021, McNamara and a Serian representative allegedly presented the senior clerk at Barberton's Building Department "with a properly completed Application for Repair Permit for roofing repairs to the Subject Premises[,] . . . [containing] design specifications for roof repair . . . , including materials to be employed and work to be performed and an architectural drawing entitled Main Level Roof Framing Plan and an AA-Roof Section." (*Id.* ¶¶ 22–23.) The clerk "advised that the Application and attendant drawings met the requirements and that a proper permit would have been issued except that the address was 'flagged' on her computer and could not be issued a permit without direct approval from Miller." (*Id.* ¶ 24.) About a month later, having heard nothing back from the clerk, "McNamara and several others contacted Miller telephonically in order to inquire about getting the permit issued [but] Miller responded that such a permit was never going to be issued under any circumstances and that the premises would be demolished." (*Id.* ¶ 26.)

On September 8, 2020, Horvath filed the state court action seeking declaratory and injunctive relief, "challenging the enforceability and/or validity of the Violation Notice and/or the refusal of the City to accept his untimely appeal of the Violation Notice." (Doc. No. 20, Counterclaim ¶ 6).)

A copy of the complaint in the state court action is available on the state court's website.[5] In his declaratory judgment claim, Horvath alleged, *inter alia*, that he suffered a "deprivation of his property without due process of law or fair compensation under both the Ohio and *United States* Constitutions." (Complaint, *Horvath v. Barberton Bd. of Bldg. & Zoning Appeals*, No. CV-2020-09-2481 ¶ 8 (Ohio Com. Pl. Sept. 8, 2020) (emphasis added).[6]) The state court initially granted a temporary restraining order ("TRO") but, on January 21, 2021, having conducted a hearing, the state court denied Horvath's motion for preliminary injunction, finding that the defense of failure to exhaust administrative remedies would likely apply and that Horvath had failed to establish either of the two possible exceptions to exhaustion. *Horvath v. Barberton Bd. of Bldg. & Zoning Appeals*, No. CV-2020-09-2481, 2021 WL 8892033, at *2 (Ohio Com. Pl., Jan. 21, 2021).

Horvath appealed this ruling, but a unanimous panel of the Ninth Judicial District Court of Appeals of Ohio affirmed the denial of the preliminary injunction and declined to address any constitutional arguments relating to Horvath's declaratory judgment claim as "beyond the scope of this appeal." *Horvath v. Barberton Bd. of Bldg. & Zoning Appeals*, No. 29921, 2022 WL 1164714, at *5 (Ohio Ct. App., Apr. 20, 2022), *appeal not allowed by* 192 N.E.3d 511 (Ohio 2022) (Table No. 2022-0456).

The state court action remains pending according to the online docket, with at least three as yet unresolved motions: (1) defendants' motion for judgment on the pleadings, filed on

---

[5] To set a context for the instant decision, the Court is summarizing the complaint in the state court action, but it does so with the explicit proviso that it is making no legal or factual determinations as to the content of such complaint. Those determinations are for another day, should this case proceed at some time in the future.

[6] Horvath filed a first amended complaint in the state court on March 2, 2021. It also contains this same allegation in ¶ 31.

5

November 14, 2022; (2) Horvath's motion to remove personal property, filed on December 27, 2020; and, (3) Horvath's motion to enter his real estate in order to protect property and obtain evaluations, filed on December 30, 2022.

Horvath alleges in his complaint in this Court that (1) "he has been deprived of [a property interest in the Subject Premises] without adequate procedural protections[,]" (Doc. No. 19 ¶ 30); (2) as "compared with others similarly situated," he was "selectively treated . . . based upon impermissible considerations . . . including intentions to inhibit or punish the exercise of [his] constitutional rights and with a malicious and bad faith intent to injure [plaintiff,]" (*id*. ¶ 31); (3) these actions of the defendants "shock[] the conscious [sic]"[,] (*id*. ¶ 32); and (4) he was deprived of "clearly established rights" including equal protection, procedural due process, substantive due process, and the right not to be deprived of his property without just compensation (*id*. ¶ 33).

## II. Discussion

"Abstention from the exercise of federal jurisdiction is the exception, not the rule[,]" because of "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 817, 96 S. Ct. 1236, 1244, 47 L. Ed. 2d 483 (1976). "Nonetheless exceptional circumstances supporting abstention may exist in certain cases." *Beeman v. Stafford*, 62 F.3d 1417 (Table), 1995 WL 456367, at *3 (6th Cir. 1995) (identifying "a series of Supreme Court cases" that supply the "doctrinal foundation for abstention") (citations omitted). One of these cases is *Younger, supra*.

"The Supreme Court's decision in *Younger* [], 'counsels federal-court abstention when there is a pending state proceeding' and 'reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff.'" *Meyers v. Franklin Cnty. Ct. of Common Pleas*, 23 F. App'x 201, 204 (6th Cir. 2001)

(quoting *Moore v. Sims*, 442 U.S. 415, 423, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979)). As pointed out by the court in *Meyers*, although *Younger* involved abstaining from enjoining a pending state criminal proceeding, "that holding has been extended to civil proceedings in which important state interests are involved." *Id*.

"A district court may abstain under the *Younger* doctrine if three conditions exist: there are state proceedings that are (1) currently pending; (2) involve an important state interest; and (3) will provide the federal plaintiff with an adequate opportunity to raise his or her constitutional claims." *Nimer v. Litchfield Twp. Bd. of Trs.*, 707 F.3d 699, 701 (6th Cir. 2013) (concluding that the district court erred in *dismissing* the case under *Younger* and remanding with directions to *stay* the proceedings instead) (citation omitted).

Here, as in *Nimer*, *supra*, there is no question that the state court action is currently pending (and was pending on the day this action was filed). *Id*. ("[T]he state proceeding must be pending on the day the plaintiff sues in federal court—the so-called 'day-of-filing' rule."). Therefore, the first condition for abstention is met.

The proceeding in the state court is related to enforcement of municipal ordinances and codes. A state has an important interest in "enforcing [its] laws against socially harmful conduct that the State believes in good faith to be punishable under its laws and the Constitution." *Younger*, 401 U.S. at 52. This includes the enforcement of local or municipal ordinances relating to health, safety, and welfare of its citizens. *Hoover v. City of Elyria*, No. 1:12–cv–1876, 2013 WL 395829, at *2 (N.D. Ohio Jan. 31, 2013); *Lighthouse Cmty. Church of God v. City of Southfield*, 382 F. Supp. 2d 937, 940 (E.D. Mich. 2005) ("The safety and welfare of its citizens, which the local [building] ordinances address, are . . . important state interests."). Although the state court action was not initiated by the City, the issues raised therein by Horvath may affect the City's ability (or

inability) to enforce its ordinances and local decisions. Therefore, the second condition for abstention is met.

A close reading of the complaint in the state court action (laid out in detail above), shows that Horvath has raised allegations of violations of the federal Constitution in his pending state court action.[7] Federal courts "'must presume that the state courts are able to protect the interests of the federal plaintiff.'" *Meyers* 23 F. App'x at 205 (quoting *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (further citation omitted)). "[T]he burden of establishing the inadequacy of the state courts rests on the plaintiff." *Id*. (citation omitted).

In his brief, Horvath argues that his state court case is in the nature of "an administrative appeal." (Doc. No. 29, at 4.) He claims this prevents him from bringing his claim for damages in the state court. Defendants, on the other hand, argue that Horvath has "an adequate opportunity in the state proceeding . . . to raise constitutional challenges." (Doc. No. 28, at 1–2.) Presumably, this argument by the defendants here would preclude a challenge to any attempt by Horvath in state court to seek monetary relief for federal constitutional violations (to the extent such attempts may be permissibly made, which this Court does not decide). But, as also pointed out by defendants' brief, even if Horvath is correct that he cannot obtain relief in the form of damages in the state court action, the "[s]tate court determinations . . . could clarify, modify or eliminate the present constitutional questions . . . [and might] obviate the necessity of deciding the federal claims and/or present those claims in a different posture." (*Id*. at 1.)

---

[7] The state courts even mentioned Horvath's constitutional claims in their orders. *See Horvath*, 2021 WL 8892033, at *1 (trial court order denying preliminary injunction: "Plaintiff's allegations include various constitutional claims regarding the Violation Notice. In addition, Plaintiff seeks a declaratory judgment finding that the Violation Notice's issuance did not comply with . . . the . . . United States Constitution."); *Horvath*, 2022 WL 1164714, at *5 (appeals court order affirming denial of preliminary injunction, but declining to address any claim that the condemnation notice "violated [Horvath's] right to not be dispossessed of property without due process of law" because, since the trial court had not addressed that issue, it was "beyond the scope of this appeal[]").

The Court concludes that Horvath has "an adequate opportunity" to raise his federal constitutional claims in the state court case. Should he be correct that he is procedurally precluded from seeking damages for any federal constitutional violations, the instant decision will not prevent any attempt for such recovery here, following resolution of the state court action. Therefore, the third condition for abstention is satisfied.

Having concluded that *Younger* abstention applies because all three conditions are met, this Court "must stay the case instead of exercising its discretion in deciding to dismiss the case." *Nimer*, 707 F.3d at 702. "This is because the United States Supreme Court has held that '[u]nder our precedents, federal courts have the power to dismiss or remand cases based on abstention principles *only where the relief being sought is equitable or otherwise discretionary*.'" *Id.* (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996) (emphasis added by *Nimer*)); *see also Carroll v. City of Mt. Clemens*, 139 F.3d 1072, 1079 (6th Cir. 1998) (Moore, J., concurring in part) ("While *Quackenbush* involved *Burford* abstention, its reasoning applies with equal force to *Younger* abstention."). In the instant case, Horvath seeks damages, which requires a stay rather than dismissal. Horvath concedes as much. (*See* Doc. No. 29, at 4.)

## III. Conclusion

For the reasons set forth herein, this action is stayed pending resolution of Horvath's state court action, including any appeals. The Clerk is directed to administratively close this case subject to reopening upon Horvath's timely informing this Court of such resolution and a need to reopen.

**IT IS SO ORDERED**.

Dated: July 24, 2023

**HONORABLE SARA LIOI
UNITED STATES DISTRICT COURT
CHIEF JUDGE**